Michael A. Monson
Michelle M. Sullivan
Adrian A. Miller
Holland & Hart LLP
401 North 31st Street, Suite 1500
P.O. Box 639
Billings, MT 59103-0639
Telephone: (406) 252-2166
Fax: (406) 252-1669
Email: mamonson@hollandhart.com
       mmsullivan@hollandhart.com
       aamiller@hollandhart.com

ATTORNEYS FOR PLAINTIFF

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BUTTE DIVISION

| | |
|---|---|
| JP MORGAN CHASE BANK, N.A., | Cause No. _____ |
| Plaintiff, | |
| v. | **COMPLAINT** |
| HOSAIN RAHMAN, an individual; and ALICIA ENGSTROM, an individual, | |
| Defendants. | |

JP Morgan Chase Bank, N.A. (hereafter, "Lender"), for its Complaint against the named defendants, alleges and states as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Lender is the current owner and holder of the notes more particularly described below. Lender is a national bank, with its main office in the State of Ohio. Lender is a citizen of the State of Ohio. Lender has operations and conducts business in Montana.

2. Hosain Rahman and Alicia Engstrom ("Borrowers") are the makers of the notes described below (collectively, the "Notes") and have granted mortgages to be foreclosed as more fully alleged in this Complaint.

3. Borrowers are the owners in fee simple of the real property described as follows (hereafter referred to as, the "Property"):

> Ranch 6 of Certificate of Survey No. 2184, recorded in Book 7 of Surveys, Page 2184, records of Madison County, Montana, located in Section 20, Township 7 South, Range 3 East, P.M.M., Madison County, Montana, according to the official survey thereof on file and of record in the office of the County Clerk and Recorder, Madison County, Montana
>
> Parcel ID Number: 28003904
>
> The property is located in Madison County at Ranch 6 At Yellowstone Club, Big Sky, Montana 59716.
>
> Together with all rights, easements, appurtenances, royalties, mineral rights, oil and gas rights, all water and riparian rights, ditches, and water stock and all existing and future improvements, structures, fixtures, and replacements that may now, or at any time in the future, be part of the real estate described above.

4. Upon information and belief, Borrowers are both citizens of the State of California.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the parties are citizen of different States and the amount in controversy exceeds $75,000.00.

6. Venue is proper in the District of Montana pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because the property at issue in this litigation is located in Montana. This case is properly filed in the Butte Division pursuant to Local Rule 1.2(c)(2).

## ALLEGATIONS COMMON TO ALL COUNTS

7. This action concerns two loans (collectively, the "Loans") made by Lender to Borrowers, which loans are secured by the Real Property described in Paragraph 3 above, owned by Borrowers and located in Madison County, Montana.

8. On March 31, 2015, Borrowers became jointly and severally indebted to Lender by executing and delivering to Lender a Term Promissory Note (the "Original Term Promissory Note"), in the principal amount of $8,700,000.00. A true and correct copy of the Original Term Promissory Note (redacted as necessary) is attached hereto as Exhibit 1. The maturity date of the Term Promissory Note was March 31, 2016.

9. On March 31, 2015, Borrowers granted Lender that certain Mortgage (hereafter, the "First Mortgage"), which was recorded as Instrument No. 160601 in the official records of the Clerk and Recorder of Madison County, Montana. The Mortgage secured payment of the Original Term Promissory Note. A true and correct copy of the First Mortgage (redacted as necessary) is attached hereto as Exhibit 2.

10. On April 1, 2015, Borrowers became jointly and severally indebted to Lender by executing and delivering to Lender a Grid Time Promissory Note (the "Original Grid Note"), in the maximum principal amount of $7,500,000.00. A true and correct copy of the Original Grid Note (redacted as necessary) is attached hereto as Exhibit 3. The maturity date of the Original Grid Note was not later than November 30, 2015.

11. On March 31, 2015, Borrowers granted Lender that certain Second Mortgage (hereafter, the "Second Mortgage"), which was recorded as Instrument No. 160602 in the official records of the Clerk and Recorder of Madison County, Montana. The Second Mortgage secured payment of the Original Grid Note, as well as all future advances from Lender to Borrower. A true and correct copy of the Second Mortgage (redacted as necessary) is attached hereto as Exhibit 4.

12. On or about July 30, 2015, Borrowers executed a Modification and Amendment of Term Promissory Note (hereafter, the "Modification to Original

Term Promissory Note"). Pursuant to the terms of the Modification to Original Term Promissory Note, Borrowers agreed to amend Section 8(n) of the Original Term Promissory Note, to modify one of the defined Events of Default. A true and correct copy of the Modification to Original Term Promissory Note (redacted as necessary) is attached hereto as Exhibit 5.

13. On or about June 30, 2015, Borrowers executed an Amended and Restated Grid Time Promissory Note, in the maximum principal amount of $7,500,000.00 (the "Amended and Restated Grid Note"). A true and correct copy of the Amended and Restated Grid Note (redacted as necessary) is attached hereto as Exhibit 6. The Amended and Restated Grid Note contained a Final Maturity Date of July 31, 2015.

14. Lender is the current owner and holder of the Notes, the First Mortgage, and the Second Mortgage.

15. Borrowers have failed to make the payments to Lender as required by the Notes, and have defaulted on their Loans.

## COUNT ONE
### (JUDGMENT AGAINST BORROWERS ON THE NOTES)

16. Lender incorporates the allegations in the preceding paragraphs as though fully set forth herein.

17. Borrowers are in default of their obligations under the terms and conditions of the Notes due to their failure to make the payments required thereunder.

18. As of July 8, 2016, after credit for all prior payments and adjustments, the unpaid balance owing from Borrowers to Lender under the Term Promissory Note is as follows:

| | |
|---|---|
| Principal | $ 8,696,288.00 |
| Interest | 591,386.45 |
| Total | $ 9,287,674.45 |

19. Interest continues to accrue on the Term Promissory Note at a variable rate of interest, presently at $1,872.12 per day.

20. As of July 8, 2016, after credit for all prior payments and adjustments, the unpaid balance owing from Borrowers to Lender under the Amended and Restated Grid Note is as follows:

| | |
|---|---|
| Principal | $ 7,494,883.42 |
| Interest | 658,092.39 |
| Total | $ 8,152,975.81 |

21. Interest continues to accrue on the Amended and Restated Grid Note at a variable rate of interest, presently at a rate of $2,029.86 per day.

22. Under the terms of the Notes and the Mortgages, Lender has declared and demanded the entire balance owing under the Notes immediately due and payable. On May 3, 2016, borrowers were sent a Notice of Default and Right to Cure letter. Borrowers have not cured the default.

23. Under the terms of the Notes, Borrowers are also liable for Lender's reasonable attorneys' fees, costs and expenses incurred in enforcing its rights pursuant to the Notes.

24. In addition to the principal, interest, fees, and other charges detailed above, Lender is entitled to interest accruing on the Notes from July 8, 2016, until the date of judgment at the per diem rate shown above.

25. Lender is the owner and holder of the Notes and is entitled to judgment thereon.

## COUNT TWO
### (FORECLOSURE OF THE MORTGAGES)

26. Lender incorporates the allegations in the preceding paragraphs as though fully set forth herein.

27. Under the terms of the First Mortgage, Borrowers agreed that the First Mortgage secured the performance of its obligations under the Term Promissory Note and that its failure to comply with the terms of the Term Promissory Note also constituted a default under the terms of the Mortgage.

28. Under the terms of the Second Mortgage, Borrowers agreed that the Second Mortgage secured the performance of its obligations under the Grid Time Promissory Note and that its failure to comply with the terms of the Grid Time Promissory Note also constituted a default under the terms of the Second Mortgage.

29. Borrowers are in default under the terms of the First Mortgage and Second Mortgage due to their failure to pay the amounts due and owing under the Note.

30. Upon the occurrence of an event of default under the First Mortgage or Second Mortgage, Lender is authorized to foreclosure those mortgages judicially.

31. The rights and interests of all other persons in the Real Property, if any, are junior, subordinate, and subsequent to the rights and lien of Lender.

32. It has become necessary for Lender to employ counsel to prosecute this action and to foreclose the First Mortgage and Second Mortgage. The amount of attorney's fees incurred by Lender shall be determined after due proceedings. All such fees, as well as the cost of prosecuting this matter, are secured and collateralized by the mortgages in the same manner as Borrowers' principal obligations under the Notes.

33. Lender has become obligated to pay Security Title Company the sum of $24,645.50 to obtain a litigation guaranty.

34. It may become necessary for Lender to advance additional monies during the pendency of this action for the payment of outstanding taxes, hazard insurance premiums, lease and water payments, environmental audit or other expenses required for the preservation of the Real Property.  Such sums, if any, are secured and collateralized by the First Mortgage and Second Mortgage in the same manner as the Borrowers' principal obligations under the Notes.

35. Lender has no other plain, speedy or adequate remedy at law, and no other proceeding at law or in equity has been commenced or is pending to collect the Notes or any portion thereof or to foreclose the First Mortgage or Second Mortgage.

## PRAYER FOR RELIEF

WHEREFORE, Lender prays for judgment against the Defendants as follows:

A. For judgment on the Term Promissory Note in the full sum of $9,287,674.45, together with interest, and for judgment on the Amended and Restated Grid Note in the full sum of $8,152,975.81, together with interest, as well as attorneys' fees, costs, and disbursements against Borrowers;

B.     For an order that the First Mortgage is a valid first lien against the Real Property and that the First Mortgage is prior in time and superior in right to any lien, claim, or interest of Defendants save for the priority, if any, granted by Montana Law for unpaid taxes;

C.     For an order that the Second Mortgage is a valid second lien against the Real Property and that the Second Mortgage is prior in time and superior in right to any lien, claim, or interest of Defendants save for the priority, if any, granted by Montana Law for unpaid taxes;

D.     For a decree that the First Mortgage and Second Mortgage be foreclosed, and the Real Property be sold by such decree and according to the laws of Montana governing execution sales;

E.     For an order that the proceeds of said sale remaining after deduction of costs thereof be applied in payment of the amounts adjudged owing Lender for principal, interest, costs, attorneys' fees and other expenses, and that the surplus, if any, be deposited with the Clerk of Court for further disposition;

F.     For an order that the Defendants and every person whose conveyance, encumbrance, lien or judgment has been recorded after the execution of the First Mortgage and Second Mortgage be forever barred and foreclosed of any and all right, claim, equity or redemption, title, estate or interest in, or lien or encumbrance

on, the Real Property, except the statutory rights of redemption of the Real Property, if applicable;

  G. For an order that Lender may become a purchaser at the sale of the Real Property and shall be entitled to receive credit for the purchase price, if any, for the amounts owed the Lender under the Notes;

  H. For an order that, in the event Lender is the purchaser at the sale of the Real Property and possession of the Real Property is not surrendered to Lender, a writ of assistance be issued directing the sheriff of Madison County or the U.S. Marshall to deliver Lender possession of the Real Property;

  I. For an order that the said purchaser or purchasers at the foreclosure sale be entitled to the rents, profits, income and immediate possession of the Real Property from and after the time of the sale;

  J. For an order that after the statutory period of redemption, if any, has expired, the sheriff of Madison County or the U.S. Marshall execute a deed or other instrument of title that may be necessary to convey the Real Property to the purchaser or purchasers at said sale;

  K. For an order that if the proceeds of the sale, after deduction for the costs and expenses thereof, shall not be sufficient to satisfy the amount due, including interest, costs and disbursements, and attorneys' fees, as stated in the

prayer for relief, the Court shall order and direct that the Lender shall have a deficiency judgment against the Borrowers;

L.   For an order that Borrowers, their agents, representatives, and/or assigns, turn over to Lender all income from the Real Property from the first date of default.

M.   That Lender have such other and further relief as the Court deems proper.

Dated this 11th day of July, 2016.

/s/ Michelle M. Sullivan
Michael A. Monson
Michelle M. Sullivan
Adrian A. Miller
Holland & Hart LLP
401 North 31st Street, Suite 1500
P.O. Box 639
Billings, MT  59103-0639

ATTORNEYS FOR PLAINTIFFS

Chase_Rahman - Complaint for Foreclosure v2 (3)